M. D. BURNLEY v. J. W. TUFTS.

1. PERSONAL PROPERTY. *Title in seller. Destruction of property.*
    Where personal property has been sold on credit, with the agreement that the title is to remain in the seller until the balance of purchase-money is paid, and the property in custody of the buyer is burned without his fault before the payment is due, this does not relieve him of his obligation to pay the price.

2. SAME. *Same.*
    The fact that the purchaser's note in such a case expressly provides that the title shall remain in the seller until payment is completed, does not make the note conditional. It is none the less an absolute promise to pay.

APPEAL from the circuit court of Copiah county.

HON. T. J. WHARTON, Judge.

The agreed statement of facts shows the following case : The appellee, J. W. Tufts, sold to appellant, Burnley, a soda-water ap-

paratus, taking therefor the several notes of the latter, due at intervals of thirty days consecutively. The notes, which are all similar, contain the stipulation that the title to the property shall remain in J. W. Tufts, the seller, until all the notes are paid, and that he shall have the right, upon the non-payment at maturity of either of the notes, to retake possession of the property.

After several of the notes had matured and been paid, the apparatus was totally destroyed by fire, without any fault on the part of appellant. The latter had exclusive control and use of the property from the time of its purchase until it was burned. He refused to pay the subsequently maturing notes, claiming that the title was still in appellee, and that the loss should, therefore, be borne by appellee, as it occurred without any fault on the part of appellant.

The cause was submitted to the trial judge, without the intervention of a jury, and resulted in a judgment for the plaintiff.

Defendant appeals.

*H. C. Conn,* for appellant.

The contract is a conditional agreement on the part of Tufts to sell to Burnley certain property, and on the part of Burnley to pay certain sums of money in installments, and on paying off all the sums agreed to be paid, both agree that the property shall be the property of Burnley; but until payment it belongs to Tufts. Burnley held the possession, not as owner, but for Tufts, until the sale should be completed, and the title pass to Burnley. Thus the latter became the mere custodian or bailee.

The suit is not against appellant as bailee for failure to redeliver the property, but is a suit for the purchase-money, as for a completed sale. His contract is a conditional one. He is not the owner until payment. Payment and ownership are dependent one upon the other. This is the express contract.

Such contracts are valid, and have been frequently upheld. *Ketchum* v. *Brennan*, 53 Miss. 596 ; *Duke* v. *Shackelford*, 56 Miss. 552 ; *Leflore* v. *Miller*, 64 Miss. 204. Mere delivery does not in such cases make a complete sale, and the property does not pass to the purchaser. The latter is a mere bailee. *Heinbockle* v. *Zugbaum*,

51 Am. Rep. 62, and cases cited; Benj. Sales 424. It is the English rule, that " in contracts in which performance depends on the continued existence of a given person or thing, a condition is implied that the impossibility arising from the perishing of the person or thing shall excuse non-performance." The destruction of the apparatus, without fault of Burnley, absolved him from liability. Performance on both sides became impossible.

*H. B. Mayes,* for appellee.

After delivery of the property and receipt of the notes, notwithstanding the retention of the title, Tufts was but a mortgagee.

A mortgagee is one who holds the legal title to property of another as security for a debt. *Dollahite* v. *Orne,* 2 S. & M. 592; *Strickland* v. *Kirk,* 51 Miss. 795; *Turner* v. *Hicks,* 4 S. & M. 300; *Lindsey* v. *Bates,* 42 Miss. 400; Meigs Rep. (Tenn.) 56. The retention of title by the seller is in effect the same as conveying title and taking security by mortgage. See foregoing authorities.

Where a party by contract engages to do an act, and does not provide in it against contingencies to exempt himself from liability in certain events—where the contract is absolute and general—he is not excused from performance by an inevitable accident, or other contingency not in his control. He must provide in the contract against such contingencies. *Jemison* v. *McDaniels,* 25 Miss. 83; *Fowler* v. *Bott,* 6 Mass. 67; *Wagner* v. *White,* 4 Harris & Johnston 564.

The possession and right to control the property vested absolutely and unconditionally in Burnley, subject to be defeated alone by Burnley's default in payment. He had no right to return the property and rescind the contract. Until Burnley's default the property was absolutely gone from Tufts, except the legal title, which was his merely for security.

In the cases relied on by appellant the vendor sued on the idea that the right of the vendee to possession has been forfeited by breach of the condition, whereby the vendor's title is joined to a right of immediate possession to enforce his security. But here the seller sues in assumpsit. If the property had remained and he had

sued in replevin he could have been defeated by a tender, or payment of the amount due.　*Leflore* v. *Miller*, 64 Miss. 204.

COOPER, J., delivered the opinion of the court.

Burnley unconditionally and absolutely promised to pay a certain sum for the property the possession of which he received from Tufts.　The fact that the property has been destroyed while in his custody and before the time for the payment of the note last due, on payment of which only his right to the legal title of the property would have accrued does not relieve him of payment of the price agreed on.　He got exactly what he contracted for, viz., the possession of the property and the right to acquire an absolute title by payment of the agreed price.　The transaction was something more than an executory conditional sale.　The seller had done all that he was to do except to receive the purchase price ; the purchaser had received all that he was to receive as the consideration of his promises to pay.　The inquiry is not whether if he had foreseen the contingency which has occurred he would have provided against it, nor whether he might have made a more prudent contract, but it is whether by the contract he has made his promise is absolute or conditional.　The contract made was a lawful one, and as we have said, imposed upon the buyer an absolute obligation to pay.　To relieve him from this obligation the court must make a new agreement for the parties, instead of enforcing the one made, which it cannot do.　*Singer Manufacturing Co.* v. *Cole*, 4 Lea 439 ; *Keitt* v. *Counts*, 15 S. C. 493.

*The judgment is affirmed.*