JAMES W. TUFTS v. J. S GRIFFIN.

*Retaining   Title—Conditional   Sale—Purchase-money—Posses-sion—Consideration—Payment—Evidence.*

1. The plaintiff bargained and delivered to the defendant, a certain article of personal property, and by contract, duly recorded, retained title in himself until the purchase-money should be paid; and before any part thereof was paid or due, the property was destroyed by fire while in the custody of the defendant, and without his default: *Held*, in an action for the purchase-money the plaintiff was entitled to recover.

2. The fact that the contract of purchase amounted to a conditional sale does not prevent such recovery.

3. There was a promise to pay and a consideration therefor. The defendant had the use and possession of the property, an interest therein and a right, upon payment of the purchase-money, to make his title absolute.

4. Evidence that the plaintiff had not offered to replace the property, or that the defendant was willing to pay upon his so doing, was properly rejected.

This was a CIVIL ACTION, tried before *Womack, J.,* at February Term, 1890, of BERTIE Superior Court, on appeal from a Justice of the Peace.

The plaintiff, James W. Tufts, offered in evidence a contract, a copy of which, marked "Exhibit A," is hereto attached and made a part of the statement of facts.

J. S. Griffin, the defendant in the action, was introduced by the plaintiff, and testified that he "executed the contract maked 'Exhibit A.' The consideration was the soda fountain described in the contract. I received the soda fountain, and I have not paid the sum of $162.50 mentioned, nor any part thereof; the reason I did not pay was because I did not think I owed plaintiff; the apparatus was burned in the fire, and I thought it was his loss, and not mine; I executed another note like this, which has been paid; the fire was November 4th, 1888; the fire commenced in the adjoining store-house; my house caught from that; I was careful in regard to fire; I had no clerk and closed every night myself, and was careful."

The defendant then proposed to prove by the witness that plaintiff had at no time offered to replace the fountain burned up, and the plaintiff objected. Objection sustained, and the defendant excepted, and assigns this ruling of the Court as the first ground of error.

The defendant then proposed to prove by the witness, that the defendant had at all times been willing, able and ready to pay the sum demanded, if the plaintiff would replace the fountain burned up by the fire. Objection by the plaintiff. Objection sustained, and defendant excepts, and assigns the ruling of the Court as the second ground of error.

Upon the foregoing evidence, the Court directed the jury to answer the issue as follows:

"What sum, if any, is the defendant due the plaintiff? Answer—$162.50, with interest from November 1st, 1889."

The defendant excepted to the direction of the Court, and assigns the same as the third ground of error.

The issue having been found as above, and motion for a new trial having been made and denied the defendant, judgment was rendered in accordance with the verdict in favor of the plaintiff and against the defendant, from which the defendant appealed to the Supreme Court.

## Exhibit A.

$162.50.                Lewiston, N. C., June 13th, 1888.

For value received, November 1st, 1889, after date, I promise to pay to the order of James W. Tufts, one hundred and sixty-two dollars and fifty cents, with interest at six per cent. The consideration in this and other notes is the following described soda-water fountain.: One 8.1 Ham. Bord. Alaska Spray, No. 1,486; two ten-gallon and one six-gallon copper fount; one three Sterling generator, which I have received of said James W. Tufts.

Nevertheless, it is understood and agreed by and between me and the said James W. Tufts, that the title to the above mentioned property does not pass to me, and that until all said notes are paid, the title to aforesaid property shall remain in the said James W. Tufts, who shall have the right, in case of non-payment at maturity of either of said notes, and without process of law, may enter and retake immediate possession of said property wherever it may be, and remove the same.                J. S. Griffin.

Witness: D. C. Winston.

*Mr. D. C. Winston,* for plaintiff.
*Mr. W. L. Williams,* for defendant.

Shepherd, J.: This is a case of the first impression in this State. We have here an absolute promise of the defendant to pay the plaintiff a certain sum, it being the balance of the purchase-money due the plaintiff upon the sale of a soda apparatus to the defendant. The sale was a conditional one (see *Clayton* v. *Hester,* 80 N. C., 275; *Frick* v. *Hilliard,* 95 N. C., 117, and the cases cited), and under the contract, the defendant took the apparatus into his possession and used it in all respects as his own. Without any negligence on the part of the defendant, and before any default

107—4

in the payment of the purchase-money, the property was destroyed by fire.

The question is, who shall bear the loss? The defendant insists that it should fall upon the plaintiff, because the transaction amounted to nothing more than an executory agreement to sell, and that, inasmuch as the plaintiff cannot now perform the contract, the defendant should not be compelled to pay. It is very true that such contracts are sometimes called executory (as in the case of *Ellison* v. *Jones*, 4 Ired., 48), and the vendee is also termed a bailee (*Perry* v. *Young*, 105 N. C., 466), but it must be observed that these expressions are used in reference to the strict legal title to the property, and they can, therefore, have no influence in the determination of the present question, which is purely one of consideration for an absolute promise to pay.

The recent decision in *Tufts* v. *Burnley* (66 Miss., 49) is directly in point. There, it seems that this same plaintiff sold a soda apparatus under a contract precisely similar to this, and the property was destroyed, as in this case, after some of the notes had been paid and before the maturity of the others. The Court decided that the plaintiff was entitled to recover the amount due upon the remaining notes. As we entirely concur in the reasoning upon which the decision is based, we will reproduce a part of the language of the opinion. The Court says: "Burnley unconditionally and absolutely promised to pay a certain sum for the property, the possession of which he received from Tufts. The fact that the property has been destroyed while in his custody, and before the time for the payment of the note last due, on payment of which only his right to the legal title of the property would have accrued, does not relieve him of payment of the price agreed on. He got exactly what he contracted for, viz., the possession of the property and the right to acquire an absolute title by payment of the agreed price. The transaction was something more than an executory

conditional sale. The seller had done all he was to do, except to receive the purchase-price; the purchaser had received all that he was to receive as the consideration of his promise to pay. The inquiry is not whether, if he had foreseen the contingency which has occurred, he would have provided against it, nor whether he might have made a more prudent contract, but it is whether, by the contract, he has made his promise absolute or conditional. The contract was a lawful one, and, as we have said, imposed upon the buyer an absolute obligation to pay. To relieve him from this obligation, the Court must make a new agreement for the parties, instead of enforcing the one made, which it cannot do."

As is said in the foregoing extract, the vendor has done all that he was required to do, and the transaction amounted to " a conditional sale, to be defeated upon the non-performance of the conditions. * * *. The vendee had an interest in the property which he could convey, and which was attachable by his creditors, and which could be *ripened* into an absolute title by the performance of the conditions." 1 Whart. Cont., 617.

The vendee had the actual legal and rightful possession, with a right of property upon the payment of the money. *Vincent* v. *Cornell*, 13 Mass., 296.

The vendor could not have interfered with this possession "until a failure to perform the conditions." *Newhall* v. *Kingsbury*, 131 Mass., 445.

Having acquired these rights under the contract, and the property having been subjected to the risks incident to the exercise of the exclusive right of possession, it would seem against natural justice, to say that there was no consideration for the promise, and that the loss should fall upon the plaintiff.

The case of *Swallow* v. *Emery*, 111 Mass., 556 (cited by the defendant) may perhaps be distinguished from ours, because it was agreed that, upon the payment of the price, the vendor

was to *execute a bill of sale to the vendee.* However this may be, we think that the principles enunciated in *Tufts* v. *Burnley, supra,* are better sustained, both by reason and authority, and we therefore affirm the judgment of the Court below.

No error.