JAMES W. TUFTS, Appellant, v. WYNNE & THOMPSON, Respondents.

Kansas City Court of Appeals, April 27, 1891.

Sales: CONDITIONAL: LOSS FALLS, WHERE. Where personal property has been sold on credit, with agreement that the title is to remain in the seller until the balance of the purchase money is paid, and the property in custody of the buyer is burned, without his fault, before the payment is due, this does not relieve him of his obligation to pay the price.

*Appeal from the Mercer Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED AND REMANDED.

*E. M. Harber* and *W. E. Clark*, for appellant.

(1) Defendants, by their notes sued on, made an unconditional promise to pay, and the court was not warranted in making another, or in anywise changing the written contract entered into by the parties. *Snyder v. Murdock*, 51 Mo. 175; *Walker v. Owen*, 79 Mo. 563; *Weaver v. Lapsley*, 42 Ala. 601; s. c., 94 Am. Rep. 671; *Burnley v. Tufts*, 66 Miss. 49; s. c., 5 S. W. Rep.

627; *Tufts v. Griffin*, 12 S. E. Rep. 68; *Barrows v. Anderson*, 3 Cent. L. J. 413; *Davis v. Smith*, 15 Mo. 408. (2) Where a party accepts possession of real estate under a title bond, and gives his "notes for the purchase price, the property is at the risk of the purchaser; if it burns up, it is his loss; if it increases in value, it is his gain. *Snyder v. Murdock, supra; Walker v. Owen, supra; Martin v. Carver,* 1 S. W. Rep. (Ky.) 199. (3) The rule is the same in regard to personalty. *Gould v. Murch,* 70 Me. 288; s. c., 35 Am. Rep. 325; *Thompson v. Gould,* 20 Pick. 134; *Rider v. Ins. Co.,* 20 Pick. 259.

*Hyde & Orton* and *H. J. Alley,* for respondents.

(1) Contracts exactly similar to the one in this case, relating to the sale of soda fountains by this plaintiff, have (except the two cases cited by plaintiff's counsel) been held to be mere executory contracts which passed no title, and such cases appear in the reports of many of the states as well as in Canada. In all these cases the claim has been made by the plaintiff that the contract was a mere executory contract. As a sample of these cases, we cite: *Tufts v. Cleveland,* 3 S. W. Rep. (Texas) 288; *Bank v. Tufts,* 63 Texas, 113. (2) The general and elementary rule is that, when personal property is destroyed, the loss falls on him in whom is the right of property at the time of the loss. That is, the law places the risk where the title is. And, in case of a sale of personal property, if the negotiation has proceeded so far as to pass the title to the vendee, the risk is upon him. If it has not so far proceeded as to divest the vendor of the title, then the vendor has the risk, and he must bear the loss in case of the destruction of the property. *Lovelace v. Stewart,* 23 Mo. 384; *Hans v. Frederick,* 18 Am. Rep. 119; 1 Benj. Sales [4 Am. Ed.] sec. 315. (3) The two cases cited by counsel for plaintiff (*Burnley v. Tufts* and *Tufts v. Griffin*) are the

only cases where this elementary rule has not prevailed. In all other cases, and the books are full of them, the question as to whether the loss should fall upon the vendor or the vendee has been made to depend on the sole question as to whether the contract had been so far consummated as to pass the title to the purchaser. If the title had not passed, the loss from the destruction of the property fell upon the vendor; if it had passed, then on the vendee. *Lovelace v. Stewart*, 23 Mo. 384; *Cunningham v. Ashbrook*, 20 Mo. 453.

GILL, J.—This is a suit on five promissory notes given by defendants for part of purchase price of a soda fountain purchased of plaintiff. By the contract of sale, as evidenced in the notes and a separate contract duly executed and recorded, the title was not to pass until the entire purchase price was paid. Under the contract, defendants received and took the apparatus into their possession, and used it in all respects as their own. Without any fault on their part, and before any default in the payment of the purchase money, the property was destroyed by fire. The court found for defendants, and also ordered plaintiff to surrender up the remaining notes not sued on into court for cancellation. Plaintiff thereupon, after unsuccessfully moving for a new trial, appealed to this court.

I. This action was successfully defended in the court below on the ground of failure of consideration of the notes given for the soda fountain; that under the contract between the parties the title to the property had remained with plaintiff, and that he, therefore, should bear the loss of the fountain. The matter for determination is, upon whom should the loss fall, under such circumstances. Without stopping to comment on the several authorities cited, and so ably discussed by defendants' counsel, we feel bound under the case of *Snyder v. Murdock*, 51 Mo. 175, to hold against defendants' contention. There defendant Murdock

contracted with plaintiff's testator for the purchase of certain real estate on which was a mill and carding machine (which said mill was said to constitute the main inducement to the purchase). Murdock executed and delivered to his vendor the notes for the purchase money (which notes were sued on), and the seller made to Murdock a title bond providing that when the notes should be paid the property should be conveyed to Murdock. Said purchaser went into possession. The mill was destroyed by fire and Murdock sought to defend on the same ground that is interposed here. ADAMS, J., speaking for our supreme court, used this language: "After an executory contract for the conveyance of real estate has been entered into by the execution of a bond for title and notes for the purchase money, the property is at the risk of the purchaser. If it burns up it is his loss; if it increases in value it is his gain. This is the settled equity doctrine, and is based upon the principle that, in equity, what is agreed to be done must be considered as done. This principle was again announced in *Walker v. Owen*, 79 Mo. 569, where it is said that "where a vendee thus takes possession of real estate under a title bond from the vendor, and the improvements thereon are destroyed, the loss falls on the vendee." We discover no reason why the same rule shall not apply to sales of personal property with like conditions. Even in cases where the loss is adjudged to fall on the *vendor*, it is admitted that a like rule must apply to sales of personal or real property. *Gould v. Murch*, 70 Me. 288; *Thompson v. Gould*, 20 Pick. 139. Among the cases cited we find, as sustaining the right of plaintiff to recover in the case at bar, the following, as directly in point: *Tufts v. Griffin*, 12 S. E. Rep. (N. C.) 68; *Burnley v. Tufts*, 66 Miss. 49.

It is there held: "Where personal property has been sold on credit, with the agreement that the title is to remain in the seller until the balance of the purchase

Summers v. The Western Home Ins. Co.

money is paid, and the property in custody of the buyer is burned without his fault before the payment is due, this does not relieve him of his obligation to pay the price." The reasons for such decisions are fully set out in the courts' opinions in these cases, and without further comment we refer to the same as containing in our opinion the correct rule in such controversies.

It follows, therefore, that the judgment of the circuit court must be reversed and the cause remanded. All concur.