J. M. ARTHUR & CO. v. BLACKMAN et al.

(Circuit Court, D. Washington, N. D. August 31, 1894.)

1. PROMISSORY NOTE—FAILURE OF CONSIDERATION.

Plaintiff delivered to defendants certain machinery, and took notes and a contract which provided that, on the payment of the notes at maturity, plaintiff would sell and transfer the machinery to defendants,

and that the title thereto should remain in plaintiff until the notes were paid. *Held*, that if such machinery was destroyed by fire, without defendants' fault, while in their possession, and before the notes were paid or the title transferred, the consideration for the notes failed.

2. CONTRACT—CONSTRUCTION.

A provision in such contract that the property should "be kept insured by" plaintiff, in its favor, "at the expense of" defendants, did not obligate plaintiff to protect defendants by having the property insured.

This was an action by J. M. Arthur & Co., a corporation, against Blackman Bros., on a promissory note. Heard on demurrer to answer.

L. L. McArthur and Greene & Turner, for plaintiff.
Ronald & Piles, for defendants.

HANFORD, District Judge (orally). This action is founded upon a promissory note and contract in favor of J. M. Arthur & Co., a corporation, signed by Blackman Bros., in which the defendants promise to pay a certain sum of money with interest, and following that there is this contract, over their signature:

"The above note is given upon and for the sole consideration that the said J. M. Arthur & Co. have agreed and promised that upon the payment of said note, principal and interest, at maturity, they will sell and transfer to the undersigned * * * [certain machinery which is described], which the said J. M. Arthur & Co. have intrusted to the care of the undersigned. It is admitted and agreed that the said property so intrusted is the property of said J. M. Arthur & Co., and the legal title thereof is in said J. M. Arthur & Co., and shall remain in them until they shall make the aforesaid sale and transfer, after the interest and principal aforesaid shall be paid. And the undersigned agree to return the said machinery to said J. M. Arthur & Co., if requested, at any time before said sale and transfer, in good order, and such return shall not extinguish or alter the liability of the undersigned to pay the interest and principal aforesaid. Above property to be kept insured by J. M. Arthur & Co., in their favor, at the expense of makers."

There is a number of these notes and contracts, and they are all sued on, each one being a separate cause of action. The defendants have answered, pleading two separate affirmative defenses. The first defense is that there has been a failure of consideration, and they show that this machinery, while it was in the defendants' possession as bailee for the owner, was destroyed by fire without the fault of the defendants, so that the plaintiff is not in a position to be able to comply with the contract to sell and transfer the title of this property upon payment being made. The second defense is that the plaintiff neglected to avail itself of the provision in the contract for keeping the property insured for its own benefit. The case has been argued and submitted upon a demurrer to these two defenses.

In support of the demurrer to the first defense, that there has been a failure of consideration, it is urged that the defendants obtained what they contracted for. They had possession, and although, under the contract, the lawful possession remained in the plaintiff, the defendants had the use and beneficial possession of the machinery until it was destroyed; and that beneficial use, they

say, is a sufficient consideration for the promise to pay the money. I will admit that the actual delivery of the machinery to the defendants, although they took it as bailees, would be sufficient to constitute a lawful consideration for the giving of the note, if it were left for the court to give effect to that transfer of possession; but plaintiff has taken from the defendants a written contract, which not only specifies what are to be the rights of the parties until the payment is made, but goes on and specifies precisely what is the consideration for the defendants' promise to pay this amount of money. This writing declares that the above note is given upon and for the sole consideration that the said J. M. Arthur & Co. have agreed and promised that upon the payment of said note, principal and interest, at maturity, they will sell and transfer the property. Undoubtedly the object of making the contract in that form was to protect the plaintiff against attaching creditors of the defendants, if there should be any question arising as to this property being subject to execution for the defendants' debts to other parties. But, whatever the purpose may have been, the contract which the parties themselves have made is valid and binding upon both; and, in determining whether there is a consideration for the note, I think this court is bound by that provision in the contract, and unless there is that consideration there is no consideration. Now, according to the agreement of the parties, there are interdependent promises,—defendants promise to pay money, the plaintiff promises to transfer property on payment of the money. I do not think that the plaintiff can exact the payment of the money when it is made to appear to the court that it never can transfer the property. I consider this a valid defense. The demurrer to it will be overruled.

The second affirmative defense is based upon the supposition that the plaintiff was obligated to protect the defendants by having the property insured. I do not so understand the contract. There is a provision put in, to keep the property insured at the expense of the defendants, and it was entirely optional with the plaintiff to claim that privilege, and no fault or blame can be imputed for neglecting that precaution. Certainly the defendants are not prejudiced. If the property had been insured the insurance money would go to the plaintiff and not to the defendants. The plaintiff had the legal title to the property, and an insurable interest, whether the defendants had or not. It is a mooted question whether the defendants could insure for their benefit. Probably they could. Whether that is so or not, they are not prejudiced in any way by the plaintiff's failure to insure, and I think, if they were otherwise liable upon this note, they are still liable, notwithstanding the property was allowed to burn up uninsured. The demurrer to the second defense is sustained.