### C. J. Cooper v. Chicago Cottage Organ Company.

1. PROMISSORY NOTES—*Meaningless Conditions.*—Adding to an ordinary and unconditional promissory note the words, "title not to pass until this note is paid in full," is substantially meaningless when read in connection with the rest of the note.

2. POSSESSION—*Of Personal Property Unexplained.*—Possession of personal property unexplained implies title in the possessor.

Assumpsit, on a promissory note. Error to the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed April 4, 1895.

C. C. SPENCER, attorney for plaintiff in error.

CRATTY BROS. and MacLAREN, JARVIS & CLEVELAND, attorneys for defendant in error.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This cause was tried below before the court without a jury, upon an agreed statement of facts, abstracted as follows:

"A certain promissory note was executed and delivered by C. J. Cooper, the defendant, to one N. D. Coon. Said note was given for the purchase price of a piano, and it was written on the face of said note, 'Title not to pass until this note is paid in full.' The piano in question was delivered to defendant in pursuance of the terms of the note. Said piano was afterward, while in the possession of defendant, without the fault of any one, destroyed by fire. The note in question was duly assigned to the plaintiff after maturity. There is unpaid on said note the sum of $200."

The Superior Court gave judgment for the amount remaining unpaid on said note, and costs, and from that judgment this writ of error is prosecuted.

The substance of the contention of plaintiff in error is, that in some way the record discloses a contract between the parties to the original agreement with reference to the sale and purchase of the piano for which the note was given, under which the title of the piano did not pass to the vendee, the maker of the note; that the title to the piano remained in the vendor, and was to remain there until the note should be paid, and that the piano being, therefore, the property of the vendor at the time of its destruction, without the fault of the vendee, the vendor must bear the loss. It is not necessary to consider what the law would be with reference to such an assumption of facts, for the record does not disclose such a state of facts to exist.

The adding to the note the words, "title not to pass until this note is paid in full," is substantially meaningless when read in connection with the rest of the note. It does

not appear that the note was anything but an ordinary and unconditional promissory note, with the quoted words written on its face. So far as appears, the note itself contained nothing about its consideration being a piano.

The suit was begun originally before a justice of the peace. No copy of the note is set out in the abstract of the record, which must be deemed sufficiently full to present all errors relied upon. Ry. Co. v. Wolf, 137 Ill. 360.

We can therefore only see what is in the statement of facts, the abstract stating that there was no other evidence offered on the trial of the cause, and from that we have no doubt that the judgment was right.

Possession of the piano, unexplained, implies title in the possessor. If such was not the intention of the parties, it should have been made to appear. The judgment will be affirmed.