## HARRY LAVALLEY v. BERNARDO RAVENNA.

### October Term, 1904.

Present: ROWELL, C. J., MUNSON, START, WATSON, HASELTON, and
POWERS, JJ.

### Opinion filed November 2, 1905.

*Conditional Sales—Nature of Condition—Destruction of
Property Before Price Due—Effect—Evidence Treated as
Admitted.*

When it appears that in the trial of a case a certain written instrument,
though not formally offered or received in evidence, was treated
by the parties as properly in the case, this Court also will so treat
it.

Assumpsit for goods sold and delivered, on condition that the title
should not pass until full payment of the purchase price, may be
maintained, although it appears that, without the fault of the
buyer, the property was destroyed before the price fell due.

In such a contract, the buyer's promise to pay is not conditioned on the
seller's ability to deliver the title.

GENERAL ASSUMPSIT for goods conditionally sold and
delivered. Plea, the general issue. Trial by jury at the
March Term, 1904, Rutland County, *Tyler*, J., presiding.
Verdict and judgment for the plaintiff. The defendant ex-
cepted.

The plaintiff's evidence tended to show that he sold de-
fendant a buggy, robe, harness and whip, and received there-
for a horse, harness and wagon, and forty dollars, and the
written contract mentioned in the opinion to secure the fur-
ther sum of seventy-five dollars.

At the close of the evidence the defendant moved for a
verdict upon the following grounds:

"First. The declaration is on the common counts and in the sale of goods an action cannot be maintained on the common counts, unless it appears that there has been a completed sale, and that the property has become vested in the defendant.

In this case there has been no completed sale, and the title has not vested in the defendant.

Second. That the contract proved is an executory contract, and that the action cannot be maintained on an executory contract, when the declaration is on the common counts.

Third. On the ground of a variance; the plaintiff has declared in common counts, and proved a conditional sale.

Fourth. The contract is an entire one, and plaintiff must prove full performance before he can maintain his action. He has not proved full performance because on account of the death of the horse he is unable to deliver the title.

Fifth. On the ground of failure of consideration. By the terms of the sale the title to the horse was reserved in the plaintiff, and it was his horse at the time it died, and the horse died before any of the payments called for by the contract came due. And for this reason, on account of the death of the horse, there was a failure of consideration before any of the payments came due on the contract."

The motion was overruled, and defendant excepted.

*Marvelle C. Webber* for the defendant.

The court erred in not directing a verdict for defendant. The horse having died before the payment became due, there is a failure of the consideration. Title was in the plaintiff when the horse died. *West* v. *Bolton,* 4 Vt. 558; *Shaw* v. *Peckett,* 26 Vt. 476; *Hurd* v. *Fleming,* 34 Vt. 170; *Arming-*

*ton* v. *Houston*, 38 Vt. 449; *Burrill* v. *Marvin*, 44 Vt. 277; *French* v. *Osmer*, 67 Vt. 427; *Ballard* v. *Burgett*, 40 N. Y. 314. ·

The plaintiff being the legal owner of the horse at the time it died, upon him must fall the loss. *Kein* v. *Tupper*, 52 N. Y. 550.

Failure of consideration, either in whole or in part, puts an end to an entire contract, and this was an entire contract. Story Cont., § 16; Benj. Sales, § 621; *Chanter* v. *Leese*, 5 M. & W. 698; *Judson* v. *Wass*, 11 Johns. 525; *Miner* v. *Braldey*, 22 Pick. 457; *Wright* v. *Barnes*, 14 Conn. 518.

*Butler & Moloney* for the plaintiff.

POWERS, J.   This is an action of general assumpsit for the recovery of a balance due on the purchase of certain per-. sonal property.   The parties disagreed somewhat in regard to the precise terms of the contract, but it satisfactorily appears from the record that the plaintiff sold and delivered to the defendant a team consisting of a horse, buggy and harness, receiving in part payment therefor another horse, harness and wagon, and a certain sum of money, and taking as security for the unpaid balance of the price agreed upon a written lien on all the property so conveyed to the defendant. Soon after, and before any part of such unpaid balance came due, the horse covered by the lien died without the fault of the purchaser.   The seller waited until the full amount of such balance fell due by the terms of the contract, and then brought this suit for its recovery.   At the close of the evidence the defendant moved for a verdict on several grounds, which was overruled, to which he excepted.

It appears from the record that the written lien was not formally offered or received in evidence, but it was submitted

to the jury and used by the court as though it was a part of the case; so we treat it as the parties treated it at the trial, and regard it as properly a part of the record. It is informal and crude, but the substantial recitals of it are that the property in question was conditionally sold and delivered to the defendant; that the title thereto was to remain in the plaintiff until the sums therein named were fully paid; that the plaintiff might repossess himself of the property on the defendant's default of payment, and that in such event all payments theretofore made by the defendant should be forfeited. Both parties signed the instrument, but it did not contain a note or other express agreement on the part of the defendant to pay the sum specified.

So the question presented, stated broadly, is this: Can there be a recovery for property sold and delivered on condition that the title shall not pass until full payment therefor has been made, when without the fault of the purchaser the property is destroyed before the price falls due? This question we answer in the affirmative. It is true that these contracts are sometimes spoken of as "executory," and the purchaser is termed a "bailee," as was done by this Court in *French* v. *Osmer*, 67 Vt. 427, 32 Atl. 254, but these expressions have reference to the strict legal title to the property, and should not determine the present question which is one pertaining to an absolute promise to pay. And the defendant's promise to pay was absolute, and was made upon a sufficient consideration; for he got just what he bargained for—the use, possession and enjoyment of the property with the right to acquire the absolute title upon payment of the stipulated price; and this was the consideration for his promise. The seller had done all that he was to do to or with the property by the terms of the contract,—all that he was to do at all, except

to receive the price. And upon that, the title passed without further action on the part of either party. The defendant's promise was in no sense conditioned on the seller's ability to deliver the title. He could not return the property to the seller and thereby avoid further liability. *Appleton* v. *Library Corp.,* 53 Conn. 4; *Smith* v. *Aldrich,* 180 Mass. 367.

The authorities are not in harmony on the question herein decided. *Tufts* v. *Griffin,* (N. C.) 10 L. R. A. 526, *Soda Fountain* v. *Vaughn,* (N. J.) 55 Atl. 54, *Burnley* v. *Tufts,* 66 Miss. 49, *Tufts* v. *Wynne & Thompson,* 45 Mo. App. 42, *Cooper* v. *Organ Co.,* 58 Ill. App. 248; *Hintermister* v. *Lane,* 27 Hun. 497, are among the cases in full accord with the views herein expressed. While to the contrary are *Bishop* v. *Minderhout & Nichols,* (Ala.) 52 L. R. A. 395, *Cobb* v. *Tufts,* 2 Tex. App. C. C. § 153, *Swallow* v. *Emery,* 111 Mass. 356.

The result is that we hold that the defendant is liable for the unpaid balance, notwithstanding the death of the horse included in the sale.

*Judgment affirmed.*