PHILLIPS *v.* HOLLENBERG MUSIC COMPANY.

Opinion delivered February 11, 1907.

SALE—DESTRUCTION OF PROPERTY BEFORE TITLE IS ACQUIRED.—Where a chattel was sold with reservation of title in the seller until the purchase price was paid, the fact that it was destroyed by fire before part of the purchase money was due, and while in the possession of the buyer, did not relieve the latter from his undertaking to pay the full price agreed upon.

Appeal from Hot Spring Circuit Court; *Alexander M. Duffie,* Judge; affirmed.

*N. P. Richmond, Henry Berger* and *Morris M. Cohn,* for appellant.

The title to the piano has never passed to appellant, and he was not bound to pay for it after it was destroyed by fire. 77 Ga. 501; 94 Mass. 377; 111 *Id.* 355; 128 Ala. 162; 1 Benj. Sales, § § 452, 427; 7 Wall. 331; 79 Ala. 547; 88 *Id.* 605; 70 Me. 288-9; 2 Tex. App. Civil, 152; 63 Fed. 536; 12 Allen; 381; 1 Beach on Contracts, § 773; 48 Ark. 160, 166; 118 U. S. 663; 67 Vt. 427, 430.

*C. P. Harnwell* and *W. R. Duffie,* for appellee.

Where personal property is sold and delivered to the vendee under agreement that the title is to remain in the vendor until payment, the loss or destruction of the property, etc., does not relieve the vendee from the obligation to pay. 6 Am. & E. Enc. Law (2 Ed.), p. 455; 32 L. R. A. 455; 7 Am. Rep. 415; Benj. on Sales, § 319, 322; Mechem on Sales, § 635; 66 Miss. 49; 4 Lea, 439; 37 Me. 414; 107 N. C. 47; 13 Pick. 296; 1 Black, 476; 24 Me. 366; 71 *Id.* 73; 71 Ill. 214; 6 Dana, 48; 14 B. Mon. 413; 53 N. Y. 426; 3 Minor's Inst. p. 253; 7 Am. Rep. 415; 51 Conn. 500; 20 Ohio, 304; 4 Ind. 189; 81 *Id.* 512; 29 Wisc. 537; 66 Ill. 106; 58 Pa. St. 103; 79 Mo. 569; 91 Wisc. 526; 48 Ark. 165.

BATTLE, J. Hollenberg Music Company sold to G. F. Phillips a piano for $240, for which the vendee paid, in part, twenty dollars, and agreed to pay the remainder in twenty-seven monthly installments of eight dollars each, at specified times, except the last, which was to be twelve dollars. It was agreed that, "in

default of any three or more payments, all payments should become due and payable upon demand of Hollenberg Music Company." The vendor retained the title to the property until the purchase money was paid. This agreement was reduced to writing. After the vendee had made two payments, and before the others were due, the piano was destroyed by fire in the residence of the purchaser. Three installments of the purchase money falling due and remaining unpaid, the vendor brought this action against the vendee for $220 and interest. Was he (vendor) entitled to recover, the piano having been destroyed? The trial court held that he was, and rendered judgment accordingly; and the defendant appealed.

The obligation of the appellant to pay the purchase money became absolute upon the delivery of the piano, and was not conditioned upon the vesting of the title in the purchaser. The title was held by the vendor as security for the unpaid purchase money. When it was paid, the title vested in the purchaser. Nothing remained for the vendor to do to complete the sale. On the contrary, he could not lawfully deprive the vendee of the property so long as she performed her contract, and she could not rescind the contract so long as he elected to enforce it. She acquired an interest in the property which she could mortgage or sell. The consideration of the contract was legal, valuable, and sufficient, and the fire did not destroy it. There was no failure of consideration.

In *Burnley* v. *Tufts*, 66 Miss. 48, s. c. 14 American State Reports, 540, Mr. Justice Cooper, in discussing this question and speaking for the court, said: "The fact that the property has been destroyed while in his custody, and before the time for the payment of the note last due, on payment of which only his right to the legal title of the property would have accrued, does not relieve him of payment of the price agreed on. He got exactly what he contracted for, viz., the possession of the property and the right to acquire an absolute title by payment of the agreed price. The transaction was something more than an executory conditional sale. The seller had done all that he was to do except to receive the purchase price; the purchaser had received all that he was to receive as the consideration of his promises to pay. The inquiry is not whether, if he had foreseen the con-

tingency which occurred, he would have provided against it, nor whether he might have made a more prudent contract, but it is whether by the contract he has made his promise is absolute or conditional. The contract made was a lawful one, and, as we have said, imposed upon the buyer an absolute obligation to pay. To relieve him from this obligation, the court must make a new agreement for the parties, instead of enforcing the one made, which it can not do.

The view of the Mississippi court is sustained by reason and authority. *American Soda Fountain Co.* v. *Vaughn* (N. J.), 55 Atlantic Reporter, 54; *Tufts* v. *Griffin,* 107 N. C. 47, s. c. 22 American State Report, 863, and note; *Tufts* v. *Wynne,* 45 Mo. App. 42; *Walker* v. *Owen,* 79 Mo. 569; *Osborn* v. *South Shore Lumber Co.,* 91 Wis. 526; 6 Am. & Eng. Enc. of Law (2 Ed.), 455, and cases cited.

Judgment affirmed.