(64 Misc. Rep. 125.)

NATIONAL CASH REGISTER CO. v. SOUTH BAY CLUB HOUSE ASS'N.

(Supreme Court, Special Term, Onondaga County. July, 1909.)

1. SALES (§ 467*)—CONDITIONAL SALES—DESTRUCTION OF PROPERTY—LIABILITY OF PURCHASER.
    Where defendant gave a note for the price of a cash register under a contract of conditional sale, with reservation of title, and the register was delivered, and the contract required no further act to be done, such as future delivery or the giving of a bill of sale, and before any payments were made on the note defendant's club house and its contents, including the register, were destroyed by fire without defendant's fault, it is liable on the note.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1362; Dec. Dig. § 467.*]

2. SALES (§ 467*)—CONDITIONAL SALES—LOSS OF PROPERTY.
    Where a chattel is delivered under a contract of conditional sale, and the title is reserved, and the property is destroyed, the loss must be borne by the seller, unless the rule is varied by the terms of the contract.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1432; Dec. Dig. § 467.*]

Action by the National Cash Register Company against the South Bay Club House Association. Judgment for plaintiff.

Edgar F. Brown, for plaintiff.
Smith & Boland, for defendant.

ANDREWS, J. In July, 1908, the defendant executed and delivered to the plaintiff a written order. By this order it requested the latter to ship to it, at Syracuse, N. Y., a cash register. "In consideration of the above," it agreed to pay the plaintiff $580 in all—$50 on the arrival of the register and $530 in 10 monthly installments; the amounts of these installments and the times of their payment to be

evidenced by a promissory note executed at the time of the first payment of $50. The order further provided that the purchaser would be allowed a 5 per cent. discount for a cash settlement made on such arrival. If it refused to accept the register when tendered, or to make the cash payment above provided for, or to execute and deliver the note specified, it agreed that the purchase price of the register, less any actual cash payment thereon, should become at once due and payable. Upon default of the payment of any installment specified in the note, it further agreed that all unpaid installments should become at once due and payable, and that, upon its failure to make any payment provided for at the time the same was due, the plaintiff might take possession of and at once remove said register without legal process; and in such case it was provided that all payments theretofore made should be considered as having been made for the use of the register while in the possession of the defendant, and should be retained by the plaintiff as rental. The defendant also waived the benefit of all provisions of the lien law in New York state and of any cause of action thereby given. If the register got out of order by ordinary use at any time within two years from the date of shipment, the plaintiff was to repair the same free of charge. Finally, the order stated that it was agreed that the title to the said register should not pass to the defendant until the price thereof, or any judgment for all or any part of the same, was paid in full, and that, until such payment, the register should remain the property of the plaintiff. This order was accepted by the plaintiff; and, pursuant to it, the register was shipped to the defendant some time in November, 1908. The defendant thereupon paid the sum of $50 and executed and delivered the note specified in the order. Thereafter, before any payment upon such note became due, without any fault or negligence on the part of either the plaintiff or the defendant, the defendant's club house was burned, and its contents, including the register in question, were totally destroyed by fire. The first installment of the said promissory note became due upon December 2, 1908. The plaintiff demanded payment thereon, and the defendant refused to make the same. The plaintiff thereupon brings this action to recover the whole amount of said note.

The defendant alleges that because of the destruction of the register in question the consideration for the note has failed, and that it is not bound to pay the same. Apparently no case in this state can be found that decides the precise question here at issue. That question seems to be as to what, under such a contract as the present, is the exact consideration for the defendant's promise contained in its note to pay to the plaintiff the sum of $530. If it is a promise of the plaintiff that, upon such payment, it will sell and transfer the register in question to the defendant, then, as that promise has been rendered impossible of fulfillment by an occurrence for which neither party is to blame, the consideration has failed. If it is that the plaintiff shall ship the register to the defendant, shall allow the defendant to retain possession of it, shall repair the register for two years when necessary, and shall give the defendant the right to acquire title to the property upon the payment of the $580, then the plaintiff has done all that it is required to do,

and the consideration has not failed. Concededly the title of the register remained in the plaintiff. Concededly, also, the rule is that such a loss as the present ordinarily must be borne by the owner of the property. But it is equally true that the parties to a contract may vary this rule, if they so desire, and the question to be determined is whether a proper construction of the contract in question shows such to have been their intention in the present case.

I must hold that this construction should be given to the order. The parties have made their own contract. They have themselves stated the consideration of the note. It is the delivery of the article into the defendant's possession under the terms of the order—not a further act by the plaintiff when the payments are completed, such as giving a bill of sale (Swallow v. Emery, 111 Mass. 355), or a sale and transfer of the register (Arthur v. Blackman [C. C.] 63 Fed. 536)—acts which, under the circumstances here presented, obviously could not be effectually performed. The plaintiff had nothing further to do. The title was retained by it merely as security for the unpaid purchase price. Automatically, when the defendant has performed its agreement, the title reverts to it. While in other states there is some difference of opinion as to the rule to be applied under similar facts, the better opinion seems to favor the conclusion here reached. White v. Solomon, 164 Mass. 516, 42 N. E. 104, 30 L. R. A. 537; La Valley v. Ravenna, 78 Vt. 152, 62 Atl. 47, 2 L. R. A. (N. S.) 97, 112 Am. St. Rep. 898; American Soda Fountain Co. v. Vaughn, 69 N. J. Law, 582, 55 Atl. 54; Osborn v. Lumber Company, 91 Wis. 526, 65 N. W. 184; Jessup v. Fairbanks, 38 Ind. App. 673, 78 N. E. 1050; Tufts v. Wynne, 45 Mo. App. 42; Marion Co. v. Buchanan, 118 Tenn. 238, 99 S. W. 984, 8 L. R. A. (N. S.) 590; Burnley v. Tufts, 66 Miss. 48, 5 South. 627, 14 Am. St. Rep. 540; Phillips v. Hollenberg Music Co., 82 Ark. 9, 99 S. W. 1105; Tufts v. Griffin, 107 N. C. 47, 12 S. E. 68, 10 L. R. A. 526, 22 Am. St. Rep. 863. To the contrary are Randle v. Stone, 77 Ga. 501; Bishop v. Minderhout, 128 Ala. 163, 29 South. 11, 52 L. R. A. 395, 86 Am. St. Rep. 134.

In this state the discussion of such contracts as the present has been largely confined to the rights of purchasers in good faith from the vendee in the absence of a statute regulating the subject. In the opinions, however, a reference has sometimes been made incidentally to the question as to the incidence of the loss in case the article sold is destroyed while in the possession of the vendee without his fault. And such dicta are not always to be reconciled. In Ballard v. Burgett, 40 N. Y. 314, oxen were sold to the defendant with the agreement that they were to remain the property of the plaintiffs until paid for. Judge Grover says that, had the oxen died while in the defendant's custody, no action could have been sustained for the purchase money. But this was said after the court had interpreted the contract between the parties as being that, when the defendant paid the price fixed, the plaintiffs should sell him the oxen, giving him possession meanwhile. If so, the statement of the learned judge is entirely consistent with the conclusion here reached. In Herring v. Hoppock, 15 N. Y. 409, the defendants acknowledged the receipt of a safe for which they had given their

note. The receipt further stated that the vendor did not part with, or the vendee acquire, title to the safe until the note was paid. Judge Paige says that the possession of the vendee under such circumstances was as the mere bailee or servant of the plaintiff. If so, it might follow that any loss would fall on the latter.

On the contrary, in Comer v. Cunningham, 77 N. Y. 391, 33 Am. Rep. 626, certain cotton was sold by A. to W. for cash. Because of a certain statute of the state of Georgia the sale was upon the implied condition that the cotton was not to be considered the property of the buyer, or the ownership given up, until the same should be fully paid for, although possession might have been delivered to the buyer. Judge Rapallo says:

"The plaintiff contends that the effect of incorporating the statute into the contract was to make the sale to Williams a conditional sale; but I apprehend that this is not an accurate view. The sale was a present, absolute sale; not executory, nor depending upon any contingency. The obligation of the buyer to pay was absolute, and the property was at his risk. If it had been destroyed, or lost on the voyage, his obligation to pay would not have been discharged, notwithstanding that, as between him and his vendors, the title had not passed. The statute did not purport to affect any of these rights, or to attach any condition to the contract of sale. It simply made the delivery conditional, and, if written into the contract, would affect nothing but the delivery."

I am, therefore, of the opinion that the plaintiff is entitled to the judgment demanded in its complaint. Proper findings may be prepared, and, if not agreed upon by the parties, may be settled before me upon proper notice.

Judgment for plaintiff.