## HARLEY & WILLIS V. STANLEY.

No. 230.   Opinion Filed November 9, 1909.

(105 Pac. 188.)

**SALES—Conditional Sale—Loss of Property—Obligation to Pay.**
Where personal property is sold and delivered to the vendee
under an agreement that title is to remain in the vendor until
payment, the loss or destruction of the property while in the
possession of the vendee before payment, without his fault, does
not relieve him from the obligation to pay the price.

(Syllabus by the Court.)

*Error from Stephens County Court; W. H. Admire, Judge.*

Action by Harley & Willis, against P. Stanley.   Judgment for
defendant, and plaintiffs bring error.   Reversed and remanded.

*J. B. Wilkinson,* for plaintiffs in error.—Citing:  6 A. & E.
Enc. Law (2d Ed.) 455, and cases cited; *Savely v. Revinal,* 2 L.
R. A. (N. S.) 96; *Tufts v. Griffin,* 107 N. C. 47; *Burnley v. Tufts,*
66 Miss. 48; *Owensby v. Swan,* 59 S. W. 378; *Cole v. Hines,* 81
Md. 476; *First Cong. Church v. Furniture Co.,* 15 Colo. App. 46;
*Phillips v. Hollenberg Music Co.,* 82 Ark. 9; *Marion Mfg. Co. v.
Buchanan,* 118 Tenn. 238.

*Gilbert & Bond,* for defendant in error.—Citing:  *Arthur v.
Blackman* (C. C.) 63 Fed. 536; *Bishop v. Minderhout,* 128 Ala.
162; *Randle v. Stone,* 77 Ga. 501; *Swallow v. Emery,* 111 Mass.
355; *Cobb v. Tufts,* 2 Willson, Civ. Cas. Ct. App., sec. 154; *La
Valley v. Ravenna,* 6 Am. & Eng. Ann. Cas. 684; *Morris v. Cohn,*
55 Ark. 401.

DUNN, J.   December 7, 1907, Harley & Willis, plaintiffs in
error, as plaintiffs, filed their action in the county court of Steph-
ens county, Okla., against Mrs. P. Stanley, to recover the price
agreed to be paid by the defendant for certain furniture and other
items sold and delivered by plaintiffs to the defendant.   The an-
swer was a general denial.   The uncontradicted evidence shows
that the bill of goods was sold by plaintiffs to defendant under an

agreement that the title was to remain in plaintiffs until they were paid for. The defendant received the goods and placed them in her house, which, without her fault, were destroyed by fire, and the defense seems to be predicated upon the proposition that this destruction of the property purchased under such a contract relieved defendant of any obligation to pay for the same; that the loss fell on the vendors, and not on herself. The case was tried to a jury which on this evidence and the instructions of the court returned a verdict in favor of defendant, upon which the court rendered judgment, to reverse which the case has been brought to this court by petition in error and case-made.

There are a number of questions raised by the brief of counsel for plaintiffs in error, but they all revolve around the single legal proposition suggested above, and with its determination they will be rendered of no consequence. There is some conflict of authority on the question presented, but to our minds the great weight of authority supports the general rule laid down in 6 American & English Ency. of Law, p. 455, which is stated as follows:

"Where personal property is sold and delivered to the vendee under an agreement that title is to remain in the vendor until payment, the loss or destruction of the property while in the possession of the vendee before payment, without fault, does not relieve him from the obligation to pay the price."

This text finds support in a large number of authorities: *La Valley v. Ravenna,* 78 Vt. 152, 62 Atl. 47, 2 L. R. A. (N. S.) 97, 112 Am. St. Rep. 898, 6 Am. & Eng. Ann. Cas. 684, with note; *Osborn v. South Shore Lumber Company,* 91 Wis. 526, 65 N. W. 184; *Burnley v. Tufts,* 66 Miss. 48, 5 South. 627, 14 Am. St. Rep. 540; *Planters' Bank of Tennessee v. Vandyck,* 4 Heisk. (Tenn.) 617; *American Soda Fountain Company v. Vaughn,* 69 N. J. Law, 582, 55 Atl. 54; *Goldie & McCulloch Company v. Harper,* 31 Ont. 284; *Tufts v. Griffin,* 107 N. C. 47, 12 S. E. 68, 10 L. R. A. 526, 22 Am. St. Rep. 863; *Tufts v. Wynne & Thompson,* 45 Mo. App. 42; *Marion Mfg. Co. v. Buchanan et ux.,* 118 Tenn. 238, 99 S. W. 984, 8 L. R. A. (N. S.) 590; *Phillips v. Hollenberg Music Co.,* 82 Ark. 9, 99 S. W. 1105; *Cole v. Hines,* 81 Md. 476, 32 Atl. 196, 32

L. R. A. 455, and note; *First ·Congregational Church v. Grand Rapids School Furniture Company,* 15 Colo. App. 46, 60 Pac. 948.

The cases holding to the contrary are set forth in the note in the case of *La Valley v. Ravenna,* 6 Am. & Eng. Ann. Cas. 684, and are as follows: *Arthur v. Blackman* (C. C.) 63 Fed. 536; *Bishop v. Minderhout,* 128 Ala. 162, 29 South. 11, 52 L. R. A. 395, 86 Am. St. Rep. 134; *Randle v. Stone,* 77 Ga. 501; *Swallow v. Emery,* 111 Mas. 355; *Cobb v. Tufts,* 2 Wilson, Civ. Cas. Ct. App. § 154; *Glisson v. Heggie,* 105 Ga. 30, 31 S. E. 118; *Mountain City Mill Co. v. Butler,* 109 Ga. 469, 34 S. E. 565.

In the case of *Burnley v. Tufts, supra,* the defendant in error sold to the plaintiff in error a soda water fountain under practically the same terms as the goods in the case at bar were sold. Prior to complete payment it was destroyed by fire, and the vendee refused to make payment on the same grounds as are raised by the vendee in the case at bar. Discussing the case the Supreme Court of Mississippi said:

"Burnley unconditionally and absolutely promised to pay a certain sum for the property, the possession of which he received from Tufts. The fact that the property has been destroyed while in his custody and before the time for the payment of the note last due, on payment of which only his right to the legal title of the property would have accrued, does not relieve him of payment of the price agreed on. He got exactly what he contracted for, viz., the possession of the property and the right to acquire an absolute title by payment of the agreed price. The transaction was something more than an executory conditional sale. The seller had done all that he was to do except to receive the purchase price. The purchaser had received all that he was to receive as the consideration of his promise to pay. The inquiry is, not whether if he had foreseen the contingency which has occurred he would have provided against it, nor whether he might have made a more prudent contract, but it is whether by the contract he has made his promise is absolute or conditional. The contract made was a lawful one, and, as we have said, imposed upon the buyer an absolute obligation to pay. To relieve him from this obligation, the court must make a new agreement for the parties, instead of enforcing the one made, which it cannot do."

To the same effect is the holding of the Supreme Court of Wisconsin in the case of *Osborn v. Shore Lumber Co., supra,* a case where the facts were similar to those in the case at bar. Justice Marshall writing the opinion of the court on this question said:

"The conditional vendee, having possession subject only to the vendor's reservation of title as security for the unpaid purchase money, is in a sense the owner. If he pays the purchase money, he becomes the absolute owner, without any new transaction or bill of sale. If the goods be wrongfully taken away from him by a third party, he may recover their full value of the wrongdoer; and, if the property is lost or stolen while in his possession, whether by or without fault on his part, he must nevertheless pay the full price agreed upon."

Further quotations might be made from all of the authorities cited above, but we cannot see that it would be of value. The obligation is no different than any other, and may be sued for and recovery had at any time within the statute of limitation. It thus being seen that the judgment of the trial court is contrary to law, the same must be reversed and a new trial granted.

The case is accordingly remanded to the county court of Stephens county, with instructions to set aside the judgment heretofore rendered herein and grant plaintiffs in error a new trial.

All the Justices concur.