### Wytheville.

## EXPOSITION ARCADE CORPORATION v. LIT BROTHERS.

### June 13, 1912.

1. SALES—*Retention of Title—Destruction of Goods—Buyer's Loss.*—Where goods are delivered to the buyer, but title is retained by the seller until the price is paid, the goods are at the buyer's risk, and, in case of destruction by fire, the loss falls on him, although he was without fault as to their loss. The transaction is, in legal effect, the same as if the buyer had obtained title from the seller, and had given back a mortgage to secure the purchase price.

2. PLEADING—*Set-Offs—Burden of Proof.*—A defendant who interposes the defense of set-offs stands in the light of a plaintiff in a cross-action, and the burden of proof is on him to establish his set-off.

.3. PLEADING—*Set-Offs—Insurance on Goods—Failure to Collect Face Value of Policy.*—In an action by the seller against the buyer of goods to recover the purchase price, the buyer defended on the ground that the goods were destroyed by fire without his fault, that they were insured for their full value, and that he had delivered the policies to the seller, who had, without his knowledge or consent, settled with the insurance company at less than the face value of the policies, and hence he was not bound for the residue represented by the uncollected portion of the policies.

    *Held:* The jury was rightly instructed that the defendant was only entitled to credit for the amount actually collected on the policies, "unless it appears from the evidence that the plaintiff ought, in the exercise of reasonable care and diligence, to have collected a larger amount from said policies." The defense was set-off, which the defendant had the burden of proving.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk, in a proceeding by motion for a judgment. Judgment for the plaintiffs. Defendant assigns error.

                                         *Affirmed.*

The opinion states the case.

*R. Randolph Hicks,* for the plaintiff in error.

*Edward R. Baird, Jr.,* for the defendants in error.

KEITH, P., delivered the opinion of the court.

Lit Brothers proceeded by motion, in the Court of Law and Chancery of the city of Norfolk, against the Exposition Arcade Corporation, to recover certain moneys claimed to be due them, and obtained a judgment for the sum of $2,427.95, to which a writ of error was obtained by the defendant corporation.

From the facts in evidence, it appears that Lit Brothers, a corporation organized under the laws of the State of Pennsylvania, in consideration of the sum of $6,279.50, paid and to be paid, sold to the Exposition Arcade Corporation certain personal property, consisting of household furniture, which was delivered to the defendant company, but the title to which was reserved to Lit Brothers until all the payments under the contract of sale had been made. It was further agreed that the property should be insured for an amount not less than $4,000, the policy of insurance to be assigned to Lit Brothers as additional security. This contract bears date in March, 1907, and on the 29th of June, 1907, the property was wholly destroyed by fire. It appears that the Exposition Arcade Corporation had policies of insurance in several companies, amounting to $5,500, which it turned over to Lit Brothers, who proceeded to collect from the insurance companies, but realized only $2,462.45, which, added to the sum which was paid in cash, left due by the Exposition Arcade Corporation the sum for which judgment was rendered.

The claim of the plaintiff in error is, first, that where a seller puts property in the possession of a vendee, with reservation of title, it is at the risk of the seller, and the loss is on the vendor when the property is destroyed without fault upon the part of the vendee.

Upon this question there seems to be some conflict of opinion. The cases from Massachusetts (*Tabbutt* v. *American Ins. Co.*, 185 Mass. 419, 70 N. E. 430, 102 Am. St. Rep. 353, and *Swallow* v. *Emory*, 111 Mass. 356) and Alabama (*American Soda, &c. Co.* v. *Blue*, 40 South. 218) sustain the position of plaintiff in error. But the weight of authority is, we think, to the contrary.

In Williston on Sales, section 304, it is said: "Where goods are delivered to the buyer, but title is retained by the seller until

the price is paid, the buyer immediately acquires the right to use the goods as his own, and has, indeed, exactly the same power over them, and right in regard to them, that he would have if he had bought them and mortgaged them back to secure the price. The time for payment in such sales frequently extends over months and sometimes over years. It is necessarily to be expected by the parties that the goods will deteriorate during this period, and, nevertheless, that the buyer will be bound to pay the price. It seems properly to follow that if the goods are accidentally destroyed or injured, the buyer must stand the loss—that is, he must pay the price in full at the time agreed. The decisions upon the point are in conflict, but the weight of authority sustains the view here expressed."

In support of the text a number of authorities are cited, among them *Chicago Equipment Co.* v. *Merchants Bank,* 136 U. S. 268, 34 L. Ed. 349, 10 Sup. Ct. 999, where Mr. Justice Harlan uses the following language: "The agreement that the title should remain in the payee until the notes were paid * * * is a short form of chattel mortgage. The transaction is, in legal effect, what it would have been if the maker, who purchased the cars, had given a mortgage back to the payee, securing the notes on the property until they were all fully paid. The agreement by which the vendor retains the title, and by which the notes are secured on the cars, is collateral to the notes, and does not affect their negotiability. It does not qualify the promise to pay at the time fixed, any more than would be done by an agreement of the same kind, embodied in a separate instrument, in the form of a mortgage. So far as the notes upon their face show, the payee did not retain possession of the cars, but possession was delivered to the maker. The marks on the cars showed that they were to go into the possession of the maker, or of its transferee, to be used. The suggestion that the maker could not have been compelled to pay if the cars had been destroyed before the maturity of the notes is without foundation upon which to rest. The agreement cannot properly be so construed. The cars having been sold and delivered to the maker, the payee had no interest remaining in them except by way of security for the payment of the notes given for the price. The reservation of the title as security for such payment was not

the reservation of anything in favor of the maker, but was for the benefit of the payee and all subsequent holders of the paper. The promise of the maker was unconditional."

In *LaValley* v. *Ravenna*, 78 Vt. 152, 62 Atl. 47, 112 Am. St. Rep. 898, 2 L. R. A. (N. S.) 97, the Supreme Court of Vermont held that "there may be a recovery of the unpaid purchase price for property sold and delivered on condition that the title shall not pass until full payment is made, although, without the fault of the purchaser, the property is destroyed before the price falls due."

*Burnley* v. *Tufts*, 66 Miss. 49, 5 South. 627, 14 Am. St. Rep. 579, is to the same effect.  See also *Tufts* v. *Griffin*, 107 N. C. 47, 12 S. E. 68, 22 Am. St. Rep. 863, 10 L. R. A. 526; *Tufts* v. *Wynne*, 45 Mo. App. 42.

In *American Soda Fountain Co.* v. *Vaughn*, 69 N. J. L. 582, 55 Atl. 54, it is said: "In a contract of sale, where the title remains in the vendor until the purchase price is paid, and notes are given for unpaid installments of the purchase price, if it appears upon a construction of the contract that the consideration for the notes was the delivery of the goods, with the right to acquire title by payment, it is no defense to an action upon the notes that the subject of the sale was destroyed by fire before the title passed."

Many other cases are cited by Williston in support of the text, but those referred to are deemed sufficient.

The second ground of defense was that Lit Brothers should have been required to credit their demand against the Exposition Arcade Corporation with the face value of the policies of insurance which had been taken out upon this property.

The defendant pleaded *non-assumpsit* to the motion for judgment, and filed its particulars of defense, the first paragraph of which is as follows: "The furniture mentioned in the notice was insured for its full value in the name of the plaintiff, in a good solvent insurance company, and was destroyed by fire without defendant's fault.  The policies were delivered to the plaintiff and collected by him.  Said plaintiff could have and should have collected from said insurance companies the amount of $6,000.  Plaintiff failed to collect said insurance, and such failure has damaged defendant to the said amount, which damages defendant offers to

set off against the claim of plaintiff, the plaintiff being a non-resident of Virginia and having no estate in Virginia.   This statement of grounds of defense is to be considered a special plea, in the nature of a plea of set-off."

Now that is defendant's statement of its case.   It comes before the court with a plea of set-off, and the court told the jury that "the defendant is only entitled to have credited on the amount due by it to the plaintiffs, for the unpaid purchase price of the furniture bought by it, such sums as the plaintiff actually collected from the policies of insurance held by it, unless it appears from the evidence that the plaintiff ought, in the exercise of reasonable care and diligence, to have collected a larger amount from said policies."   The defendant excepted to this, and asked the court to instruct the jury that "if from the evidence they believe that the plaintiff settled, without the consent of the defendant, the insurance claims described in the evidence, at less than their face value, then the jury must allow the defendant an offset against plaintiff's claim to the amount of the difference between the face value of the insurance claims and the amount actually collected by the plaintiff on account of said insurance."

The court gave the instruction asked for by the plaintiff, and refused that which was asked for by the defendant.   The defendant also asked the court to instruct the jury that "the burden is upon the plaintiff to show that he collected on account of said insurance the amount collectable thereon"; which the court also refused to give.

In Waterman on Set-offs, at page 89, section 73, it is said: "As the defendant, when he interposes a set-off, stands in the light of a plaintiff in a cross-action, the burden of proof is on him to establish his set-off."   And, dealing specifically with unliquidated demands, pleaded as set-offs, it is said, at page 345, section 292: "The damages to be recovered on a policy of insurance are always uncertain.   The amount depends on the proof at the trial.   The plaintiff may declare for a total loss, yet be able to prove only a partial loss, the extent of which will be greater or less according to the circumstances of each particular case.   A policy of insurance is a contract of indemnity.   The assurer undertakes to indemnify the assured for the damages he may sustain by losses in consequence

Opinion.

of the perils insured against by the policy.   It is like a bond to save harmless.   In most cases nothing can be more unliquidated than the amount of such indemnity.   It depends upon a great variety of facts and circumstances to be disclosed and digested at the trial."

We think, therefore, that there was no error in the ruling of the court which left it to the jury to say whether or not the plaintiff ought, in the exercise of reasonable care and diligence, to have collected a greater amount from the policies.

Upon the whole case, we are of opinion that there is no error in the judgment complained of, and it is affirmed.

*Affirmed.*