CHARLES A. STICKNEY COMPANY, APPELLANT; v. L. E. NICHOLAS, APPELLEE.

FILED MAY 1, 1915.   No. 18079.

Conditional Sale: RIGHT TO RECOVER PRICE: DESTRUCTION BY FIRE. There may be a recovery of the purchase price of personal property which has been sold and delivered on condition that the title shall not pass until full payment is made, although, without the fault of the purchaser, the property is destroyed by fire, when the vendee's promise to pay is absolute, and the contract gives him the right to extinguish the vendor's title by payment of the stipulated price.

APPEAL from the district court for Merrick county: GEORGE H. THOMAS, JUDGE. *Reversed.*

*Elmer E. Ross,* for appellant.

*H. F. Allen,* contra.

MORRISSEY, C. J.

Plaintiff, Charles A. Stickney Company, the manufacturer of a gas engine, April 5, 1911, shipped to defendant, a retail merchant, a gas engine, under a written contract containing the following provision: "Seventh. It is agreed that the title to and ownership of all goods shipped under this contract shall remain vested in the Charles A. Stickney Company, and the goods are to be held at all times subject to their order until paid for, and if sales are made before payment they shall be made only in the regular course of business, and the proceeds of all such sales, whether cash, book account or notes, are to be held as the property of Charles A. Stickney Company in trust as collateral security for their benefit, and subject to their

order until all obligations arising under this contract are fully paid in money, and it is agreed that notes taken by the company are not accepted as payment. And it is further agreed that nothing in this clause shall release the purchaser from making the payments as herein stipulated." The purchase price was not paid, but while the property was in the possession of the defendant, and without fault or negligence on his part, it was totally destroyed by fire. Plaintiff brought suit for the purchase price, and defendant by answer alleged that under the section of the contract above set out, at the time the property was destroyed, the title was in plaintiff, and he was holding it subject to its order. A jury was waived, the cause was tried to the court, and, from a judgment for the defendant, plaintiff appeals.

There was some correspondence between the parties which indicates that the engine did not prove satisfactory on a test, and that plaintiff had agreed to send an expert to adjust it. However, as each party relies upon that part of the contract quoted, the case must be determined solely on the construction thereof. The courts are not unanimous, but the weight of authority seems to favor the rule that, where goods are sold and delivered upon condition that the title is retained in the seller until the purchase price is paid, the reservation gives the seller only a lien upon the property for the amount of the debt. The rule is different where there is anything further for the seller to do; but where he has delivered the property, and he has no option to rescind his contract and retake possession, the mere reservation of title for the purpose of securing payment of the debt will not defeat his right to recover where the property is accidentally destroyed. In this case the vendee had possession with full right to sell, and any person dealing with him would have acquired good title to the property, and the reservation made in the contract between the parties merely gave the vendor the right to pursue the property until sold in the regular course of business, or, in case of sale, to have the funds arising therefrom held as a trust fund to secure the pay-

Stickney Co. v. Nicholas.

ment of the debt.  He had no option to rescind, and there was nothing further for him to do but to accept payment, and it is expressly provided in the final sentence "that nothing in this clause shall release the purchaser from making the payments as herein stipulated."  The parties were able to contract, and this defendant voluntarily assumed the risk of loss or damage.  The loss of the article in no manner changes the character of the agreement, and the vendee must be held liable for the purchase price.

In *LaValley v. Ravenna*, 78 Vt. 152, 2 L. R. A. n. s. 97, the supreme court of Vermont had before it a similar question, and disposed of it in the following language: "The question presented, stated broadly, is this: Can there be a recovery for property sold and delivered on condition that the title shall not pass until full payment therefor has been made, when, without the fault of the purchaser, the property is destroyed before the price falls due?  This question we answer in the affirmative.  It is true that these contracts are sometimes spoken of as 'executory,' and the purchaser is termed a 'bailee,' * * * but these expressions have reference to the strict legal title to the property, and should not determine the present question, which is one pertaining to an absolute promise to pay.  And the defendant's promise to pay was absolute, and was made upon a sufficient consideration; for he got just what he bargained for—the use, possession and enjoyment of the property, with the right to acquire the absolute title upon payment of the stipulated price—and this was the consideration for his promise.  The seller had done all that he was to do to or with the property by the terms of the contract—all that he was to do at all, except to receive the price.  And upon that the title passed without further action on the part of either party."  For other cases in point, see note to *LaValley v. Ravenna*, 2 L. R. A. n. s. 97.

It follows that the judgment of the district court must be reversed and the cause remanded for further proceedings.

REVERSED.

LETTON and SEDGWICK, JJ., not sitting.