OSBORN, Respondent, vs. SOUTH SHORE LUMBER COMPANY, Appellant.

*November 13 — November 26, 1895.*

*Logs and lumber: Sale: Reservation of title as security: Loss after delivery: Liability of vendee.*

Where logs were sold to be paid for at a certain price per thousand feet according to a scale thereafter to be made at the vendee's mill, and the vendor delivered them to the vendee in the boom at the mill and did all that he was to do under the contract, the vendee is liable for the price of logs lost from the boom before

being scaled, whether by or without his fault, although by the contract the title and right of possession of the logs were to remain in the vendor as security for the unpaid purchase price until the same should be fully paid.

APPEAL from a judgment of the circuit court for Bayfield county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

Plaintiff sold to defendant a quantity of saw logs, to be paid for at the rate of $6.10 per thousand feet, according to the scale to be thereafter made on the mill deck. The logs were delivered in defendant's boom at defendant's mill, and taken charge of by it, and plaintiff did all that he was to do under the contract. The contract contained the following provisions:

"It is expressly understood and agreed by the parties hereto that the legal title to and right of possession of said logs, and the lumber to be manufactured therefrom, shall be and remain in the party of the first part as security for the unpaid purchase price, until the same shall have been fully paid, and that the party of the second part will at all times keep on hand a sufficient quantity of said logs or lumber, separately piled, to secure the balance owing the party of the first part, the party of the second part having the right to sell and dispose of said logs and lumber for which full payment shall have been made; and in case of default of the party of the second part in making any of the payments hereunder, or in case of failure on his part to perform any of the conditions hereof, the party of the first part shall have the right to take immediate possession of said logs or lumber, and sell and dispose of the same at public auction, upon giving ten days' notice, for the purpose of satisfying the balance due by virtue of this contract and all costs and expenses in taking, keeping, and disposing of said property, and retain the same out of the proceeds of said sale, returning the surplus proceeds of said sale to the party of the second part."

Osborn vs. South Shore Lumber Co.

Some of the logs were lost after they were delivered into defendant's possession as before stated, by being broken out of the boom by the movements of a lumber boat. Proof of the whole amount of logs delivered, including those not scaled on the mill deck because lost, was permitted.

Defendant requested the court to charge the jury, in effect, that plaintiff was not entitled to recover for the lost logs, which was refused, and defendant excepted. The court then charged the jury, in effect, that all logs delivered, including those lost, should be paid for, which was excepted to by the defendant.

There was a verdict in favor of the plaintiff, and from the judgment entered thereon the defendant appeals.

For the appellant there was a brief by *Tomkins & Merrill,* and oral argument by *Geo. H. Merrill.* They contended that the appellant is not liable for the price of any logs lost between the woods and the log deck of the mill, unless such loss was due to its negligence. *Wagar v. Farrin,* 71 Mich. 370; *Tuthill v. Bogart,* 79 N. Y. 215; 1 Benjamin, Sales (4th Am. ed.), §§ 375, 427; *Elgee Cotton Cases,* 22 Wall. 180–198; *Swallow v. Emery,* 111 Mass. 355; *Ballard v. Burgett,* 40 N. Y. 314; *Martineau v. Kitching,* L. R. 7 Q. B. 436. In the case at bar there was a conditional sale and not a chattel mortgage. *Wadleigh v. Buckingham,* 80 Wis. 230; *S. L. Sheldon Co. v. Mayers,* 81 id. 627.

For the respondent there was a brief by *Lamoreux, Gleason, Shea & Wright,* and oral argument by *E. F. Gleason.*

MARSHALL, J. The sole question presented is whether defendant is liable for the logs that were lost, in view of the fact that plaintiff retained the title solely as security, and that such logs were never scaled on the mill deck.

Where property is sold and delivered, and the vendor has fully performed all the conditions of the contract of sale on his part, and the intention of the parties at the time of the

making of the contract, as in this case, clearly is that the vendor is to have no interest in the property after delivery, except as security for the unpaid purchase money; that, subject to the right to resort to said property as such security, the entire dominion and control over the same are turned over to and assumed by the vendee, as such, although, for the purpose of retaining effectually the security, the contract of sale provides that the title and right of possession shall remain in the vendor, as security, until the purchase price is fully paid, and though the amount of the property is yet to be ascertained by a measurement in order to determine the amount of the purchase money,— if any of such property is lost after such delivery, before measurement, such loss must fall upon the vendee, whether the loss accrues through his negligence or otherwise, and the amount of such lost property may be ascertained by competent evidence. The relation of the parties to each other in respect to the question here presented, in such a case, is the same as between a mortgagor and a mortgagee of personal property, though the form of the instrument be that of a conditional sale; and the authorities holding that in case of a conditional sale, strictly so called, the risk of loss is on the vendor till title actually vests in the vendee, have no application whatever to such a state of facts. The conditional vendee, having possession subject only to the vendor's reservation of title as security for the unpaid purchase money, is in a sense the owner; if he pays the purchase money, he becomes the absolute owner, without any new transaction or bill of sale; if the goods be wrongfully taken away from him by a third party, he may recover their full value of the wrongdoer; and if the property is lost or stolen while in his possession, whether by or without fault on his part, he must nevertheless pay the full price agreed upon. *Tufts v. Griffin*, 107 N. C. 49; *Burnley v. Tufts*, 66 Miss. 49.

The ruling challenged on this appeal is substantially in

Pool vs. Milwaukee Mechanics' Ins. Co.

accordance with the law as here stated, and it follows that the judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed.