## AMERICAN SODA FOUNTAIN COMPANY, PROSECUTOR, v. CHARLES B. VAUGHN.

Submitted March 23, 1903—Decided June 8, 1903.

In a contract of sale, where the title remains in the vendor until the purchase-price is paid, and notes are given for unpaid installments of the purchase-price, if it appears upon a construction of the contract that the consideration for the notes was the delivery of the goods, with the right to acquire title by payment, it is no defence to an action upon the notes that the subject of the sale was destroyed by fire before the title passed.

---

On *certiorari.*

Before Justices DIXON, GARRISON and SWAYZE.

For the prosecutor, *Wilcox, Blauvelt & Tuttle.*

For the defendant, *C. Frank Kireker.*

The opinion of the court was delivered by

SWAYZE, J. This is an action upon one of a series of promissory notes given by the defendant for the purchase-price of soda water apparatus bought of the plaintiff. The note refers to a contract between the parties dated September 6th, 1900, and by its terms provides that the title to the apparatus shall not pass until all the notes are paid. The contract of September 6th, 1900, is in the form of an order for the apparatus, by which the defendant agrees, upon receipt of the bill of lading or tender of the goods, to honor sight-draft or other demand for $57, and to pay the balance as follows: $170 on April 1st, 1901; $35 per month for six months, and $15 per month for six months, each year, until paid. This order also contains an agreement on the part of the defendant to insure the apparatus, making the loss, if any, payable to the plaintiff, as its interest may appear, and to keep the same insured until the payments are made. It contains also the following clause: "The delivery of said apparatus to be conditioned upon compliance with the above terms and conditions, and said apparatus to remain the property of American Soda Fountain Company until paid for." The apparatus was destroyed by fire February 9th, 1902. The note in suit matured October 1st, 1902. The defence interposed was a total failure of consideration for the note, and the District Court of Paterson, upon this issue, found in favor of the defendant.

The question to be determined is: What was the consideration of the note? If the passing of the title to the apparatus was the consideration, the defence must prevail. If the delivery of the apparatus, with the right to acquire title, was the consideration, the plaintiff must prevail. We think the consideration for the note was the delivery of the apparatus with the right to acquire title. The note itself states the consideration to be certain soda water apparatus "which I have received of said American Soda Fountain Company." The order of September 6th, 1900, as above stated, provides for partial payment upon the receipt of the

bill of lading or tender of the goods, and a payment of a considerable sum on April 1st, 1901, and the payment of monthly installments thereafter. Delivery of the apparatus is conditioned upon compliance. The consideration for these payments and for the monthly installments as they fell due must necessarily be the same as the consideration for the notes not yet matured. It can hardly be contended that the consideration for the payments already made and for the notes which matured prior to the fire, and which we may assume were paid, has failed; it must have failed if the consideration was the passing of the title.

The language of the note and order also indicate that the obligation of the defendant was absolute immediately upon. the delivery of the goods and was not conditioned in any way upon the passing of the title. The title was retained by the plaintiff merely as security for the unpaid purchase-money. Nothing remained to be done by the plaintiff to perfect the title of the defendant; that title would have become perfect immediately upon payment. As was said by the late Chief Justice Depue, in *Marvin Safe Co.* v. *Norton,* 19 *Vroom* 410: "When the terms of sale are agreed upon and the vendor has done everything that he has to do with the goods, the contract of sale becomes absolute. Delivery of the safe to the carrier, in pursuance of the contract, was delivery to Swartz and was the execution of the contract of sale. His title, such as it was, under the terms of the contract, was thereupon complete."

This conclusion seems to be the necessary result, also, of the reasoning in the case of *Campbell Printing Press and Manufacturing Co.* v. *Rockaway Publishing Co.,* 27 *Vroom* 676. In this case judgment had been recovered upon notes given for installments of the purchase-price of a printing press. Subsequently the vendor brought suit in replevin for the press. The trial court held that the institution of the suit by the vendor upon the notes for the purchase-price was an election of its remedy and a waiver of its right to retake the property. The Court of Errors reversed the judgment,

and held that the vendor had a right to enforce the payment of the notes without surrendering its right to claim the press under the title reserved by the contract of sale.

The exact question presented in the present case has been considered in other states, and although there is conflict in the authorities, the weight of authority is in favor of the plaintiff. *Burnley* v. *Tufts, 66 Miss.* 48; *Tufts* v. *Griffin, 107 N. C.* 47; *Osborne* v. *South Shore Lumber Co., 91 Wis.* 526.

A similar question was considered by the Supreme Court of Massachusetts, in *White* v. *Solomon, 164 Mass.* 516; *42 N. E. Rep.* 104. Mr. Justice Holmes, in the opinion of the court, uses the following language: "If a man is willing to contract that he shall be liable for the whole value of a chattel before the title passes, there is nothing to prevent his doing so, and thereby bind himself to pay the whole sum."

Each case must be determined by the terms of the contract involved. For instance, in the case of *Arthur* v. *Blackman, 63 Fed. Rep.* 536, a different result was reached, but in that case the contract stated the sole consideration to be an agreement of the plaintiffs to sell and transfer the property to the defendant upon payment of the note. This clearly made an executory contract of sale. The learned judge said: "I will admit that the actual delivery of the machinery to the defendants, although they took it as bailees, would be sufficient to constitute a lawful consideration for the giving of the note if it were left for the court to give effect to that transfer of possession; but the plaintiff has taken from the defendants a written contract, which not only specifies what are to be the rights of the parties until payment is made, but goes on and specifies precisely what is the consideration for the defendants' promise to pay this amount of money."

From the report of the case of *Swallow* v. *Emery, 111 Mass.* 355, it appears that the contract in that case was an executory contract. Chief Justice Chapman says: "It appears that the plaintiff delivered the horse, wagons and harness to Waby, to be used, and under a contract of sale that

the stipulated price should be paid." The contract also provided that after payment of the price the plaintiff was to give Waby a bill of sale. In that case something remained to be done by the vendor. In the present case nothing remains to be done by the vendor. The contract was entirely executed on its part. All that remained to be done was for the vendee to pay the purchase-price.

It is strongly urged, on behalf of the defendant, that the effect of allowing the plaintiff to recover upon the notes when the property is destroyed by fire before the title passes is to subject the defendant to the risk of loss by fire, contrary to the general rule that the risk is with the owner of the property. Upon this subject the language of Lord Blackburn, in *Martineau* v. *Kitching, L. R.,* 7 *Q. B.* 436, 455; 41 *L. J. Q. B.* 227, is noteworthy: "As a general rule, *res perit domino* is both the old civil law maxim and a general rule of our law, and when you can show that the property passed, the risk of the loss, *prima facie,* is in the person in whom the property is. If, on the other hand, you go beyond that and show that the risk attached to the one person or the other, it is a very strong argument for showing that the property was meant to be in him. But the two are not inseparable. It may very well be that the property shall be in one and the risk in another."

In the present case the defendant expressly agreed to insure the apparatus and to keep the same insured. This is a strong indication that the intention of the parties was that the risk of fire should be the risk of the vendee, regardless of who was the legal owner of the property.

The judgment is reversed and the record remitted for a new trial. Costs must abide the event.