SMITH *v*. METZ.

[No. 19,052. Filed November 14, 1958.]

*R. M. Rhodes,* of Peru, for appellant.

*William H. Deniston, Selden J. Brown* and *Brown & Brown,* all of Rochester, for appellee.

KELLEY, J.—The appellant, being then the owner of certain personal property, sold the same to appellee

under date of August 28, 1954 by a written conditional sales contract. The said contract stated that "The total sale price of said goods and business as described above, shall be Twenty-Seven Hundred Fifty Dollars ($2750.00)" and provided for the payment thereof by specified monthly and quarterly payments. Said contract further contained the following pertinent provision:

"Second Party (appellee) also shall, during the terms hereof, keep said property insured against the normal hazards with proper loss payment clause in favor of first par*ties* attached to any and all said policies." (Brackets, word therein and underscore are supplied.)

Appellee assumed possession of said personal property under the contract and on January 23, 1956, while in appellee's possession, the same was almost wholly destroyed by fire. $3000.00 insurance on said property was paid by check payable to the order of appellant and appellee. Disagreement between them resulted in their endorsement of the check and the deposit of the same in the Clerk's Office of the Fulton Circuit Court "in trust" until the further order of the court.

Appellant duly instituted an action against appellee in said court and by his amended complaint, setting forth the contract above referred to as an exhibit thereto, alleged, in substance, the foregoing facts and that he "claims that all of said $3000.00 in cash in the hands of the Clerk . . . is entirely the property of the plaintiff; and . . . that said money should be turned over . . . to the plaintiff for the reason that said contract called for a loss payable clause to the plaintiff as his interest appeared and that plaintiff's loss is in excess of said $3000.00." It was further alleged therein that appellee claims "an interest in said $3000.00" and

that "there is an actual existing controversy between the parties hereto" leading to protracted litigation unless resolved and determined by the court. Prayer of the amended complaint was "that the rights of the plaintiff and the defendant be determined" and for proper relief.

Appellee answered under the rules and, by second paragraph, that he had made specified payments to and for appellant, leaving a designated balance due appellant, plus interest, and that he had elected to make payment to appellant of the balance due on the contract but appellant refused the same and claimed the whole $3000.00. Appellant replied to said answer and, by his third paragraph of reply, alleged that appellee "has breached his contract" and has no interest in the $3000.00 which should be ordered paid to appellant.

Upon due submission, the court, without the service of a jury, found for appellant on his amended complaint and that there was due him under the terms of the contract, the sum of $810.57. Judgment that "of the sum of $3000.00 heretofore paid to the Clerk . . . the sum of $810.57 be paid to the plaintiff and the balance thereof turned over to the defendant."

On this appeal from said judgment, appellant first claims that the recovery awarded him was too small in that it was less "than the facts in evidence show his actual pecuniary loss to be" and that the finding was contrary to law because he had "proved by uncontradicted evidence that he had a right by way of equitable lien" to all the insurance money.

It is claimed by appellant in his brief that his action was for a Declaratory Judgment and not an action for recovery of the balance due on the contract. From this, appellant reasons that he should have recovered

all of the $3000.00 because the insurance "took the place" of the destroyed property and belonged to him under the "equitable lien law". In support of this proposal, appellant cites and relies upon certain cases and authority as establishing his right to all of the insurance money.

The cases and authority cited by appellant are: *Grange Mill Co.* v. *Western Assurance Co. et al.* (1886), 118 Ill. 396, 9 N. E. 274; *Trumbull* v. *Bombard* (1916), 157 N. Y. S. 794, affirmed (1919), Memo. Dec., Court of Appeals of New York, 121 N. E. 895; *Hyde* v. *Hartford Fire Ins. Co. of Hartford, Conn., et al.* (1903), 70 Neb. 503, 97 N. W. 629; *Northern Trust Co.* v. *Snyder* (1896), (CCA 7th), 76 Fed. 34; *Northern Trust Co.* v. *Snyder* (1897), (CCA 7th), 77 Fed. 818; and 29 Am. Jur., *Insurance,* 971, section 1301. We have examined each of these authorities but fail to find wherein they are helpful to appellant's said contention.

The Grange Mill Co. case, *supra,* held that where a vendee executed no note for the unpaid purchase price, as agreed by him, refused to execute bond for deed, paid only the down payment on the purchase price, and took out the insurance in his own name, the vendor, upon destruction of the property sold and *the insolvency of the vendee,* was, in equity, entitled to the appropriation of the insurance money. No such circumstances are present here. In the Trumbull v. Bombard case, *supra,* the former, as lessor, for her own protection insured the property leased to Bombard, with option to purchase. Upon destruction of the leased property by fire, Bombard attempted to elect to accept the option, and offered the lessor the purchase price less the insurance money received by the lessor. The lease contained no provision for maintenance by the lessor of the leased property nor for application of the

insurance proceeds for the benefit of the lessee. The court held that the lessee was not entitled to the insurance benefits. Nothing favorable to appellant is found in that case.

The Hyde v. Hartford case, *supra,* simply adheres to the general and prevailing rule that a mortgagee has an equitable lien on the insurance proceeds *to the extent of his mortgage interest.* The same rule is expressed in the aforecited section of American Jurisprudence. It also is the same rule followed by the trial court in the present action.

The two Northern Trust Co. cases, *supra,* involve a lease containing a covenant that the lessee would keep the buildings insured and in case of fire would apply the insurance proceeds to the rebuilding of the premises *or* would pay over the insurance proceeds to the lessor, at the election of the lessee. Upon destruction of the premises by fire, the lessee failed to rebuild. Some of the underwriters selected by lessee failed, and, consequently, the lessor's loss on the buildings was greater than the amount of the insurance. The court held that it was the "manifest intention of all the parties that the insurance should be applied to the reconstruction of the buildings" and, since the lessor was without opportunity of selecting solvent companies, the lessor, under the prevailing circumstances, was entitled to the insurance money. Such circumstances afford appellant no aid in the instant contention.

We are unable to perceive, nor has appellant made apparent to us, wherein he would rest at an advantage if his complaint and the ensuing trial thereof, be considered as on the theory of a declaratory judgment rather than to recover the contract balance. In addition, we notice the offered stipulation of appellant at

the trial, which seems to indicate his theory of the action. It was: "It is stipulated by and between the parties that there is now $3000.00 in the hands of the Clerk . . . and that it is agreed between the parties that the Court shall order the payment of said money *to either or both of the parties, according to his findings . . . .*" (Italics supplied.)

Appellant further says that "for the sake of argument" he contends that the court's finding is not sustained by the evidence because the "uncontradicted evidence shows that the contract is ambiguous, incomplete and silent on the matter of the full consideration of the contract." The written contract, which was put in evidence by appellant, himself, recites, as we have above noted, a consideration of $2750.00 as the total sale price of the personal property sold. We fail to understand any suggestion of uncontradicted evidence of ambiguity or silence "on the matter of the full consideration of the contract." Appellant filed no pleading and made no claim in the court below asking for a reformation of the contract or alleging any ambiguity or incompleteness thereof, except, as will be hereinafter referred to, in his offer to prove, in connection with the court's ruling on the admission of certain oral testimony concerning the written contract. Upon the record, appellant's said contention is without merit.

Next, appellant asserts in his brief that appellee had breached said contract in certain respects and, consequently, under the terms of the contract, appellant was entitled to immediate unconditional possession of the property or, upon its destruction by fire, the full amount of the insurance money. The contract provided:

"In the event the Second Party shall fail to perform any of the facts or fail to make any of the payments herein required of him to be done or paid promptly . . . then . . . . And upon any such default, the Second Party shall surrender immediate unconditional possession thereof to First Party, without demand or notice."

Assuming, without determining, that the evidence established one or more of the breaches complained of and that such asserted breaches were of a kind and nature falling within the last quoted provision of the contract, it does not appear that appellant took any action with reference thereto or in any way attempted to comply with the requirements of sections 14 to 19, inclusive, of Chapter 182, Acts 1935, Burns' 1951 Replacement, sections 58-814 to 58-819, inclusive. If appellant had repossessed the property prior to its destruction, the proceeds of the resale thereof by appellant could be appropriated by him only to the extent of the "balance due under the contract." Sec. 58-819, Burns' 1951 Replacement. He could not have retained the entire proceeds. By what show of reason, then, can it now be urged that because appellant may have had an unexercised right of possession at the time the property was destroyed by fire, he is, therefore, entitled to all of the insurance proceeds? Appellant says that the cases of *Gas City Transfer Co., Inc.* v. *Miller* (1939), 107 Ind. App. 210, 21 N. E. 2d 428; *Jessup et al.* v. *Fairbanks, Morse & Company* (1906), 38 Ind. App. 673, 78 N. E. 1050; *LaSalle Finance Co.* v. *De Jarnett* (1932), 95 Ind. App. 468, 181 N. E. 164; and *Swain et al.* v. *Schild* (1917), 66 Ind. App. 156, 117 N. E. 933, sustain his position. Those cases simply hold that upon default by the buyer a seller has the right to retake the property and that the destruction of the property while in possession of

the buyer does not relieve the latter of the obligation to pay on the contract. They do not sustain appellant's advanced theory that he is entitled to all the insurance proceeds.

It seems to us that the trial court very properly considered that the issue before it was the correct balance due appellant on the contract. The evidence amply supports its finding for appellant in the amount of $810.57.

On direct examination of appellant, his counsel asked what the value of the fixtures, furniture, and merchandise was on the date of the fire, January 23, 1956. Appellee objected to the question on the ground that the contract fixed the purchase price and the written contract could not be varied by parol evidence. The court ruled that the only evidence before him at the time of the question was the contract and that there was nothing to show the pertinency of the evidence sought to be elicited. Appellant's offer to prove was that the value of the said property immediately before the fire was $5000.00. It is eminently clear that the court's ruling was proper. There was then no issue of reformation of the contract before the court. The contract had been put in evidence, without reservation or attack, by appellant, himself. The pertinency of any evidence as to the value of the property at the time of the fire was not in any way revealed or disclosed to the court and the solicited testimony had no tendency to support any issue being tried. We find no error here.

On rebuttal, appellant was asked by his counsel to state what his conversation was with appellee immediately prior to the execution of the written contract concerning the total purchase price. Objection by appellee on the ground that it was not rebuttal evidence

but an attempt to construe the contract by parol evidence prior to the execution of the contract. The court sustained the objection and appellant offered to prove "that the contract . . . is ambiguous, that the total sale price of not only the goods and business . . . but the leasehold interest and other merchandise not listed (in the contract) was to be sold to the defendant for . . . $4850.00 . . . ." (Brackets and words enclosed are ours.)

Clearly, there was no error here. The offered testimony was in no sense rebuttal in nature. It concerned a conversation which apparently took place during the negotiations leading to the execution of the contract put in evidence by the appellant, himself. As before stated, there was no pleading filed or issue formed looking to the reformation of the contract on the ground that it did not express the true agreement reached by the parties. If the court had admitted the answer to the question asked, such answer would not have tended to prove any ambiguity in the contract. On the contrary, such answer, as shown by appellant's offer to prove, would have tended to establish an entirely new and different contract than the one appellant alleged upon. Under the issues upon which the cause was tried, the testimony sought to be introduced could have had no other purpose and effect than to vary the amount of the sale price expressed in the written contract between the parties upon which appellant relied. Further, the offered evidence, if it possessed material competency at all, belonged to appellant's case in chief because it rebutted nothing brought out in appellee's evidence. It is within the discretion of the trial court to admit or exclude in rebuttal evidence which should or could have been given in chief. Crumpacker on Indiana Evidence, Vol.

2, sec. 5973, page 335, and the many cases cited to the point.

Appellant concludes his brief with the gentle urging that when a contract is so ambiguous upon its face as to leave some doubt as to the real intention of the parties, resort may be had to parol evidence and that parol testimony is always admissible to show "the" consideration.

The difficulty with appellant's proposal is, first, that there was no pleading or issue raising any question as to the amount of the consideration stated in the contract; second, there is no ambiguity appearing "upon its (the contract) face," leaving some doubt as to the "real intention of the parties"; third, the point is argued by appellant only in connection with the court's ruling on the admissibility of parol testimony in the two instances we have already referred to and which rulings we have heretofore held to be proper, for the reasons we have given. And a reference to the reasons given by us with reference to each considered question, will show that there was no error in the ruling of the court, even if it be assumed that an ambiguity, such as claimed by appellant, did appear on the face of the contract.

In our opinion, appellant has failed to establish any error by the record.

Judgment affirmed.

NOTE.—Reported in 153 N. E. 2d 919.