Ronald G. SHEPPARD, Appellant–
Defendant,

v.

Jon J. STANICH, Appellee–Plaintiff.

No. 49A04–0010–CV–436.

Court of Appeals of Indiana.

May 31, 2001.

Gregory F. Hahn, Charles R. Whybrew, Tabbert, Hahn, Earnest & Weddle, LLP, Indianapolis, IN, Attorneys for Appellant.

Irwin B. Levin, Richard E. Shevitz, Cohen & Malad, P.C., Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge

Ronald G. Sheppard appeals the trial court's order granting Jon J. Stanich's motion for partial summary judgment and raises one issue, which we restate as follows: whether the trial court erred in entering summary judgment construing obligations arising under a promissory note independently of the conditional sales con-

tract pursuant to which the note was executed.

We reverse and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

On April 14, 1993, Sheppard and Stanich entered into an Agreement of Purchase, by which Sheppard agreed to purchase Stanich's interest in an entity known as 21st Century Holdings, Inc. ("21st Century") for $38,400 to be paid on or before April 15, 1994. On the same day, as security for his obligation under the Agreement, Sheppard executed a Promissory Note ("Note") in which he promised to pay Stanich the sum of $38,400 on or before April 15, 1994, together with interest thereon at the rate of 6% per year. The Note provided in pertinent part:

"Due date: April 15, 1994

On or before the 15th day of April, 1994, for value received, Ronald G. Sheppard promises to pay to the order of Jon J. Stanich the sum of $38,400.00 at Indianapolis, Indiana or such other place as the holder hereof may direct. After maturity, this note shall bear 6% interest per year until paid, with attorney fees and costs of collection, and without relief from valuation and appraisement laws. . . .

Signed and delivered this 14th day of April, 1993.

/s/ Ronald G. Sheppard

*If value exceeds 6% interest Jon agrees to split profits.*[1] /s/ Jon J. Stanich"

*Record* at 38 (emphasis added).

When the due date for the Agreement and Note arrived, Stanich demanded pay-

ment, but Sheppard failed to pay. Stanich then sold his interest in 21st Century to a third party for "roughly $27,000." *Record* at 100. Stanich filed his complaint, alleging, in part, that Sheppard had defaulted on the Note and seeking judgment for the full principal amount of the Note, plus interest and attorney fees. The trial court granted Stanich's motion for partial summary judgment and entered judgment in favor of Stanich in the amount of $52,840.60, which included principal and accrued interest on the Note. Sheppard now appeals.

## DISCUSSION AND DECISION

■ When we review a trial court's entry of summary judgment, we are bound by the same standard as the trial court. *American Mgmt., Inc. v. MIF Realty, L.P.,* 666 N.E.2d 424, 428 (Ind.Ct.App. 1996). We may consider only those portions of the pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters designated to the trial court by the moving party for purposes of the motion for summary judgment. Ind. Trial Rule 56(C), (H); *id.* The moving party in a motion for summary judgment bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *American Mgmt., Inc.,* 666 N.E.2d at 428. Once the movant satisfies this burden, the burden shifts to the nonmoving party to produce specifically designated facts showing the existence of a genuine issue. *Id.*

■ Stanich's designation of evidence in support of his motion included the Note and his affidavit stating that he never re-

---

[1]. This sentence is handwritten. Except for the signatures and the execution date, the remainder of the quoted material is typed.

ceived payment from Sheppard on the Note. By introducing the Note, Stanich established a prima facie case to recover the debt from Sheppard, and the burden shifted to Sheppard to demonstrate the existence of a genuine issue of material fact as to Stanich's right to recover under the Note. *See id.* at 430. Sheppard argues that genuine issues of material fact exist, both as to whether he made payment on the Note and on his affirmative defenses of waiver and accord and satisfaction, precluding summary judgment.

IC 26–1–3.1–106 provides in pertinent part:

"Except as provided in this section, for the purposes of IC 26–1–3.1–104(a), a promise or order is unconditional unless it states:

(1) an express condition to payment;

(2) that the promise or order is subject to or governed by another writing; or

(3) that rights or obligations with respect to the promise or order are stated in another writing.

A reference to another writing does not of itself make the promise or order conditional."

IC 26–1–3.1–106(a). Stanich argues that the Note in question contained no express conditions to payment, did not state that the promise was subject to another writing, and did not state that rights or obligations were stated in another writing; consequently, the Note constituted an unconditional promise for Sheppard to pay Stanich $38,400 on April 15, 1994. Stanich's analysis, however, is incomplete.

Here, the Note includes another agreement made by the holder of the Note, i.e. Stanich, agreeing to pay Sheppard an equal share of profits if certain conditions exist, namely "if value exceeds 6%." *Record* at 38. The terms of the Note do not expressly identify that which is to be valued, but the consideration recital of the Note is "for value received," and we infer that the "value" received by Sheppard as consideration for the Note is the same as the "value" for which Stanich agreed to pay Sheppard, namely Stanich's 21st Century stock. This stock is the sole subject of the parties' Agreement of Purchase, pursuant to which Sheppard executed the Note. Therefore, Stanich's agreement to split profits relates to the valuation of the 21st Century stock which was the subject matter of the Agreement of Purchase. As such, liability under the Note cannot be determined apart from the Agreement of Purchase, and the trial court erred when it did so.

Stanich's agreement to split profits removed the Note from the purview of IC 26–1–3.1–106 and rendered it non-negotiable because it was not an unconditional promise of one party to the other, but a bilateral agreement. Here, the parties entered into a conditional sales contract for the sale of Stanich's stock. The Note was evidence of Sheppard's promise to pay the purchase price and contained an additional term of the parties' agreement.

■ Sheppard breached the Agreement of Purchase by his failure to purchase the stock from Stanich on or before April 15, 1994. In a breach of contract case, the measure of damages is the loss actually suffered by the breach. *Showalter, Inc. v. Smith,* 629 N.E.2d 272, 276 (Ind.Ct.App.1994), *abrogated on other grounds by Mitchell v. Mitchell,* 695 N.E.2d 920, 922–923 (Ind.1998); *Colonial Disc. Corp. v. Berkhardt,* 435 N.E.2d 65, 66 (Ind.Ct.App.1982); *Downing v. Dial,* 426 N.E.2d 416, 421 (Ind.Ct.App.1981). However, the non-breaching party is not entitled to be placed in a better position than he would have been if the contract had not been broken. *Showalter, Inc.,* 629

N.E.2d at 276; *Downing*, 426 N.E.2d at 421. Indeed, the non-breaching party, as a general rule, must mitigate his damages, and the breaching party has the burden to prove that the non-breaching party has not used reasonable diligence to mitigate its damages. *Indiana Industries, Inc. v. Wedge Products, Inc.*, 430 N.E.2d 419, 428 (Ind.Ct.App.1982). Where a party does mitigate its damages, the breaching party is entitled to set-off the amount of damages mitigated. *Id.*

 In this case, after Sheppard's breach of the Agreement of Purchase, Stanich sold his 21st Century stock to a third party, receiving approximately $27,000 for it. Assuming he thereby reasonably mitigated his damages, he may seek recovery of the deficiency ($38,000 minus $27,000) from Sheppard, plus interest, attorney fees, and costs of collection, which are permitted under the Note. *See Sackett v. Spindler*, 248 Cal.App.2d 220, 236, 56 Cal. Rptr. 435, 445–46 (1967) (following purchaser's breach of agreement to purchase stock in newspaper business, seller entitled to contract price less net amount received in resale of stock to third party). *See also* 5 ARTHUR LINTON CORBIN, CORBIN ON CONTRACTS § 1100 (1964) (value received by seller in sale of goods to third party following buyer's breach is set off against original sales price, resulting in seller receiving the equivalent of the full contract price). Stanich is not entitled to judgment for the full amount of the purchase price (the principal amount of the Note). *Cf. Smith v. Metz*, 129 Ind.App. 64, 71, 153 N.E.2d 919, 922 (1958) (where seller of business and goods sought recovery of entire insurance proceeds following fire, court noted that if seller had repossessed and resold the premises after buyer's alleged breach, seller would be entitled only to balance due under the contract, not entire proceeds). If we were to permit the result sought by

Stanich, we would allow him to reap a recovery approaching double that of the original contract price. While Stanich may recover the balance of the debt owed him, plus costs of collection, he is not entitled to a windfall. We reverse and remand the matter for trial, with instructions that the Agreement of Purchase and Note be construed together.

Reversed and remanded.

SHARPNACK, C.J., and MATTINGLY–MAY, J., concur.